

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIDGET C.,[1] | No. 1:24-CV-03148-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] | **ECF Nos. 8, 9** |
| Defendant. | |

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names.  *See* LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Carolyn Colvin as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' briefs.  ECF Nos. 8, 9.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court reverses the Commissioner's decision and remands the case.

## JURISDICTION

On July 12, 2018, Plaintiff applied for Title XVI child supplemental security income benefits, alleging a disability onset date of May 1, 2018.  Tr. 171.  The application was denied initially, Tr. 64-73, and on reconsideration. Tr. 74-86.  Plaintiff appeared before an administrative law judge (ALJ) on April 24, 2020.  Tr. 33-63. On May 27, 2020, the ALJ denied Plaintiff's claim.  Tr. 14-32.  This Court remanded the matter on August 12, 2022.  Tr. 851-63.  The ALJ held two hearings—on October 3, 2023, Tr. 792-803, and March 19, 2024, Tr. 804-20—and denied Plaintiff's claim on June 28, 2024.  Tr. 749-91.  Per 20 C.F.R. § 416.1484, the ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation marks and citations omitted). The party appealing the ALJ's decision

ORDER - 3

generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP EVALUATION PROCESS

The Commissioner has established a three-step sequential evaluation process for determining whether a child is disabled. 20 C.F.R. § 416.924. At step one, it must be determined whether the claimant is performing substantial gainful activity. *Id.* If the claimant is not performing substantial gainful activity, at step two, it must be determined whether the claimant has a "severe" medically determinable impairment or combination thereof. *Id.* If the claimant has a severe impairment or combination of impairments that meets the duration requirement, it must be determined at step three whether that impairment meets, medically equals, or functionally equals a listed impairment in 20 C.F.R. § 404, Part B, Appendix 1, Subpart P. *Id.* If the child's impairment meets or medically equals a listed impairment, then the claimant will be found disabled. *Id.* If the impairment does not meet or medically equal a listed impairment, it must be determined whether the impairment *functionally* equals a listed impairment by assessing the child's limitations in six broad areas of functioning called "domains." 20 C.F.R. § 416.926a. The domains include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, (6)

ORDER - 4

health and physical well-being. *Id.* The claimant's impairment will be considered functionally equivalent if the claimant has "marked" limitations in two domains, or "extreme" limitations in one domain. *Id.* A determination of functional equivalence is the responsibility of the state agency medical or psychological staff at the initial and reconsideration levels, of an ALJ at the hearing level, and of the Appeals Council at that level. 20 C.F.R. § 416.926a(n). If a claimant meets all three steps and has an impairment that meets, medically equals, or functionally equals a listed impairment for the required duration, he or she will be found disabled.

### ALJ'S FINDINGS[3]

At step one of the sequential evaluation process, the ALJ found Plaintiff was an adolescent on the application date and attained age 18 on March 19, 2021. Tr. 757.

At step two, the ALJ found that Plaintiff had the following severe impairments prior to attaining age 18: pes planus, scoliosis, major depressive

_____

[3] Because Plaintiff appeals only the denial of her Title XVI disability claim for the closed period of May 1, 2018, to September 30, 2021—when Plaintiff was under the age of 18—*see* ECF No. 8 at 2, the Court evaluates only the portion of the ALJ's decision concerning that closed period.

ORDER - 5

disorder, social anxiety disorder, and attention deficit hyperactivity disorder (ADHD). Tr. 758.

At step three, the ALJ found that, prior to attaining age 18, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 759. As to functional equivalence, the ALJ found Plaintiff had moderate limitation in her ability to understand, remember, or apply information, and to concentrate, persist, or maintain pace; mild limitation in her ability to interact with others; and mild limitation in her ability to adapt or manage oneself. Tr. 759-62. The ALJ thus determined Plaintiff's impairments did not result in two marked limitations or one extreme limitation in any of the six domains. Tr. 762-76.

The ALJ thus concluded Plaintiff had not been disabled prior to attaining age 18. Tr. 776.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly obtained a complete case review;

2. Whether the ALJ properly assessed the opinion evidence;

3. Whether the ALJ properly assessed the Domains; and

ORDER - 6

4.  Whether the ALJ properly assessed Plaintiff's testimony.

ECF No. 8 at 2.

As discussed below, because the Court concludes the ALJ erred with respect to the first issue, it is not necessary to reach Plaintiff's remaining assignments of error.

**DISCUSSION**

Plaintiff argues the ALJ "reversibly erred in her statutory responsibility by failing to obtain a complete case review by a qualified specialist for the case in its entirety." ECF No. 8 at 4; *see* 42 U.S.C. § 1382c(a)(3)(I) ("[T]he Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual."). Plaintiff further argues that no qualified specialist evaluated the evidence relating to Plaintiff's "remote learning and difficulty staying on-task at home, problems readjusting to in-person school particularly relating to anxiety, her father's death, and evidence she only graduated as a result of waivers permitted due to the pandemic." ECF No. 8 at 4 (internal citations omitted). Defendant appears to concede that such an evaluation was not performed but contends "the ALJ reasonably relied on medical expert testimony and the state agency medical consultant's assessments." ECF No. 9 at 4.

ORDER - 7

Defendant also argues that the ALJ was not required to obtain an "updated review" on remand. *Id.* at 5. The Ninth Circuit has made clear, however, that an "ALJ is required to make a reasonable effort to obtain a case evaluation, based on the *record in its entirety*," *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003) (emphasis added), which necessarily would include the evidence Plaintiff describes above, *see id.* at 1014 n. 2 (an expert must "evaluate a claimant's case in its entirety, considering all of the medical records and determining whether those indicate that the claimant is disabled within the meaning of the Social Security Act"); *see also, e.g.*, *Godwin ex rel. V.E. v. Comm'r of Soc. Sec.*, 2010 WL 1337745, at *4 (D. Ariz. Mar. 31, 2010) ("The record shows that the ALJ's decision relied on several pieces of evidence which were not available at the time the four state evaluations took place. . . . Based on the *Howard* decision, and out of an abundance of caution, the Court finds, therefore, that the ALJ erred by not making a reasonable effort to obtain a case evaluation based on the record in its entirety. The case must therefore be remanded to have a pediatrician or other appropriate specialist evaluate the case based on the record in its entirety and considering all of the medical records."); *Serna ex rel. R.S.S. v. Colvin*, 2015 WL 1508411, at *8 (D. Ariz. Mar. 31, 2015) ("As Plaintiff correctly notes, the evaluations were more than eight months old when the ALJ made a decision and, during those eight months, a significant amount of relevant evidence

ORDER - 8

was added to the record."). "Evaluation of the case as a whole by an appropriately qualified medical expert is critical to the adjudicator's longitudinal understanding of [Plaintiff's] impairments and resulting limitations." *Michelle P. o/b/o L.P. v. O'Malley*, 2024 WL 1654923, at *3 (E.D. Wash. Apr. 17, 2024).

Because the ALJ failed to comply with 42 U.S.C. § 1382c(a)(3)(I), the Court reverses and remands this matter so that the record may be further developed consistent with the statute.

On remand, the ALJ will necessarily reevaluate the medical evidence and Plaintiff's testimony after obtaining a complete case evaluation. The Court thus need not address Plaintiff's remaining assignments of error. *See, e.g.*, *Godwin ex rel. V.E.*, 2010 WL 1337745, at *4 ("Having determined that remand is appropriate, the Court need not consider Plaintiff's remaining claims.").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Frank Bisignano as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 8**, is **GRANTED**.

3. Defendant's Brief, **ECF No. 9**, is **DENIED**.

ORDER - 9

4. The District Court Executive shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this decision pursuant to sentence four of 42 U.S.C. § 405(g).

5. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to file this Order, **enter judgment**, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 12, 2025.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 10